UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-21845-JLK

MARLENE GARCIA CASTILLO,

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (the "Motion") (DE 28), filed July 20, 2020. The Court has additionally considered Plaintiff's Response (DE 36) filed on August 3, 2020, and Defendant's Reply (DE 41) filed on August 12, 2020.

**I.    BACKGROUND**

The following facts are undisputed:

On April 7, 2018, Plaintiff entered Defendant's store, shopped for about half an hour then checked out with a cashier. DE 27 ¶¶ 1–4. While checking out, Plaintiff returned to a shopping aisle to retrieve a forgotten item. *Id.* ¶ 4. As Plaintiff walked back to the aisle, she slipped and fell on what she testified as a big amount of liquid she believed to be water. *Id.* ¶ 1, 10–11. The assistant manager of the store responded to Plaintiff and saw the water in which Plaintiff slipped. *Id.* ¶ 13. Plaintiff testified that the water on the floor looked dirty where she fell. *Id.* ¶ 10. There is no evidence of when the water collected on the floor or how long it was there before Plaintiff slipped. *Id.* ¶ 17.

## II.  LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is genuine if a reasonable jury could return a verdict for the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A fact is material if it may affect the outcome of the case under the applicable substantive law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

If a reasonable fact finder could draw more than one inference from the facts, creating a genuine issue of material fact, summary judgment should not be granted. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The moving party has the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). On a motion for summary judgment, the court views the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).

## III.  DISCUSSION

Defendant argues it is entitled to summary judgment because Defendant did not have notice of water on the floor where Plaintiff fell. *See* Mot. Specifically, Defendant argues that Plaintiff has failed to prove a breach of Defendant's duty by showing that Defendant had prior notice of the dangerous transitory foreign substance on the floor. *Id*. In her Response, Plaintiff argues that Defendant had constructive notice of the water because Defendant's roof regularly leaked, and if Defendant had exercised ordinary care, Defendant would have discovered the water on the floor. *See* Resp. In its Reply, Defendant accepts that its roof leaks, but argues "there is no evidence to

support that a leak occurred with regularity at or near where Plaintiff's incident occurred[,]" and the leak was in a different area of the store. Resp. at 5.

To demonstrate a breach of duty involving a transitory foreign substance, Plaintiff must prove that Defendant had either actual or constructive prior notice of the dangerous condition. Mot. at 3; Fla. Stat. § 768.0755 (2017). "Constructive knowledge may be proven by circumstantial evidence showing that: a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) The condition occurred with regularity and was therefore foreseeable." *Id*.

The record is replete with examples of leaks in Defendant's store that occurred with regularity prior to Plaintiff's fall. Defendant's cashier testified that she would see an ongoing leak of water on the floor of the store generally when it would rain. DE 36-3 at 15–17. The store manager at the time stated there was a leaking problem since the time he started working, and he would occasionally have to put buckets out to collect leaking water. DE 31-7 at 23–36. A different cashier also testified that the store would use buckets to collect leaking water from the ceiling. DE 31-8 at 12. Additionally, another customer slipped and fell in leaking water at the same store less than a year before Plaintiff slipped. DE 31-7 at 26–29. The district manager, assistant manager, store manager, and two cashiers all testified that they saw a number of leaks in the store during the time they worked for Defendant. *See* DE 31-5, 31-6. 31-7, 31-8, 36-3.

Defendant argues that all these leaks were in a different area of the store than where Plaintiff fell, so the store lacked notice. *See* Reply. However, because Defendant knew of the regularity of its leaking roof, how often water would collect on its floor, and the history of a prior fall by another customer, the Court finds that the record is replete with evidence establishing a genuine issue of material fact, which precludes summary judgment.

3

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion for Summary Judgment **(DE 28)** be, and the same is, hereby **DENIED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and U.S. Courthouse, Miami, Florida this 10th day of March, 2021.

                                              JAMES LAWRENCE KING
                                              UNITED STATES DISTRICT JUDGE

**cc:**    All counsel of record